# EXHIBIT "A"

THE CIRCUIT CIVIL COURT FOR THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA

**JAMEELAH GREEN,**

    **PLAINTIFFS**                                                    Case No.:

v.

**DATALINK SERVICE
FUND SOLUTIONS, LLC.,**

    **DEFENDANT.**
_____/

## **COMPLAINT**

Plaintiff, Jameelah Green, by and through her undersigned counsel, brings this action for damages against Defendant, Datalink Service Fund Solutions, LLC, on the basis that Defendant retaliated against Plaintiff following her good faith complaint of racial discrimination in the workplace in violation of Section 1981 of the Civil Rights Act of 1866. In further support of her allegations, Plaintiff further states as follows:

### Parties

1. Plaintiff, Jameelah Green, is a qualified black female and was employed by Defendant, Datalink Service Fund Solutions, LLC in the four years prior to this action.

2. Defendant is a for-profit, domestic corporation operating as population health management software company.

3. Plaintiff worked as a user engagement specialist for Defendant until her date of termination on February 12, 2020.

### Jurisdiction

4. Plaintiff is domiciled in Hillsborough County, Florida.

Page **1** of **7**

5. Defendant is a corporation domiciled in Hillsborough County, Florida.

6. Defendant conducts business and employed Plaintiff in Hillsborough County, Florida and the amount in controversy exceeds $31,326.04.

7. All material events occurred in Hillsborough County, Florida.

8. This lawsuit has been filed in a timely manner.

9. All prerequisites have been satisfied.

10. Plaintiff is a black female and therefore a member of a protected class.

11. Defendant is subject to 42 U.S.C 1981.

12. Plaintiff is entitled by virtue of 42 U.S.C. 1981 to be protected from racial discrimination and is further entitled to be free from retaliation in the workplace for reporting to their employer Plaintiff's race-based discrimination related complaints.

General Factual Allegations

13. Plaintiff was employed by Defendant as a user engagement specialist.

14. Defendant, by and through its managers and employees, habitually harassed Plaintiff on the basis of her race. Defendant subjected Plaintiff to disparate treatment on the basis of her race. Defendant continuously showed non-Black employees preferential treatment and Plaintiff was treated less favorably due to her race.

15. Specifically, on or about January 26, 2020, Defendant's executive vice president, Josh Hettler (White Male), racially profiled Plaintiff on the basis of her race.

16. Mr. Hettler racially profiled Plaintiff by accusing Plaintiff of violating company policies by using her cell phone during working hours.

17. Mr. Hettler accused Plaintiff because Plaintiff was a Black female and fit the description of the perpetrator.

18. Plaintiff objected to Mr. Hettler's racial profiling of Plaintiff simply because Plaintiff is a Black female and fit the description of the perpetrator.

19. Defendant made Plaintiff aware that she was going to receive a write up due to Mr. Hettler's statement that Plaintiff was using her phone on the floor.

20. On or about January 27, 2020, Plaintiff immediately logged complaint with Defendant's human resources department stating that she had been unlawfully racially profiled by Mr. Hettler and was not the perpetrator.

21. Defendant disregarded Plaintiff's complaints of race discrimination and on or about January 28, 2020, Defendant issued Plaintiff a write up for a violation she did not commit.

22. On or about January 30, 2020, Plaintiff provided Defendant with a written rebuttal to the write-up and provided Defendant with timestamped reports showing that Plaintiff was working while in Defendant's facilities and not using her cell phone. Plaintiff also complained that she was being racially profiled based on her race.

23. Because Defendant refused to address the racial discrimination and racial profiling, Plaintiff met with Defendant's CEO on or about February 4, 2020 where she complained about racial discrimination and racial profiling from Mr. Hettler.

24. Plaintiff specifically informed Defendant's CEO that Mr. Hettler discriminated against her based on her race and racially profiled her based on her race. Plaintiff told Defendant's CEO that she was being treated differently because she is a Black woman and that she objects to racial discrimination in the workplace.

25. In response to Plaintiff's complaints of racial discrimination, Defendant's CEO told Plaintiff not to label herself as "African American."

26. Rather than investigating Plaintiff's complaints or disciplining Mr. Hettler, Defendant's CEO shifted the blame to Plaintiff and dismissed her complaints by telling Plaintiff not to label herself as African American.

27. On or about February 12, 2020, approximately one week after Plaintiff made her complaints of racial discrimination to Defendant's CEO, Defendant terminated Plaintiff's employment without notice or warning.

28. Plaintiff had no expectation of being terminated on February 12, 2020 and prior to her termination Plaintiff was an employee in good standing and was on any performance improvement plans.

29. More specifically, Mr. Hettler (the man about whom Plaintiff complained) is the individual who terminated Plaintiff approximately one week after her complaints.

30. Mr. Hettler terminated Plaintiff's employment in order to punish Plaintiff for complaining of racial discrimination in the workplace.

31. The unwanted racially hostile environment was premised on race and was directed towards Plaintiff on account of Plaintiff's race and would not have occurred but for Plaintiff's race. Similarly, Plaintiff would have been terminated but for Plaintiff having complained to Defendant about a racially hostile work environment.

32. To the knowledge of Plaintiff, Plaintiff was an employee in good standing until Plaintiff made good faith complaints to Defendant about race discrimination.

33. On February 13, 2020, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") where she once again detailed her complaints of racial discrimination and retaliation.

4

**Count One**
**Retaliation in violation of 42 U.S.C. 1981**

34. Plaintiffs hereby incorporates and re-alleges 1-33, above.

35. Plaintiff is a Black female and therefore a member of a protected class due to her race.

36. Plaintiffs were employed by Defendant through February 12, 2020.

37. Defendant is engaged in interstate commerce by virtue or Defendant's business.

38. Plaintiff was subjected to a racially disparate work place environment repeatedly throughout the period of time in which Plaintiff worked for Defendant.

39. Defendant consistently and habitually treated Plaintiff in a less favorable manner than non-Black employees in Defendant's workplace.

40. Defendant treated Plaintiff in a less favorable manner than non-Black employees because Plaintiff is a Black female.

41. Plaintiff was entitled to be treated in the same manner as non-Black employees and was entitled to receive the same terms, conditions, privileges, and benefits as the non-Black employees in Defendant's workplace.

42. 42 U.S.C. 1981, in pertinent part states "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other, thereby prohibiting employers such as Defendant from subjecting Plaintiff to a racially hostile work place."

5

43. Plaintiff reported and objected to the racially disparate work place which Plaintiff was subjected while employed by Defendant.

44. In fact, Plaintiff complained and objected to Defendant's racially discriminatory treatment and behavior towards Plaintiff due to her race.

45. Plaintiff's complaints were made directly to Defendant's CEO, and also in writing to Defendant's human resources department.

46. Plaintiff's complaints were made in good faith and were protected activities.

47. Under 42 U.S.C. 1981, Defendant was not permitted to retaliate against Plaintiff for her good faith complaints to Defendant.

48. Despite the provisions of 42 U.S.C. 1981, Defendant retaliated against Plaintiff with extreme prejudice in direct response to Plaintiff good faith complaints about racial discrimination.

49. Defendant terminated Plaintiff's employment because Plaintiff complained about racial discrimination.

50. Plaintiffs were damaged as a direct result of Defendant's retaliatory behavior.

## Jury Demand and Prayer for Relief

WHEREFORE, Plaintiffs desires a trial by jury and judgment and all relief available under 42 U.S.C. 1981, including emotional distress, punitive, compensatory damages as well as reasonable attorney fees and costs and pre-judgment interest, not back or front pay.

DATED this 3rd day of May, 2021.

*/S/ Kyle J. Lee*
Kyle J. Lee, Esq.
FLBN: 105321

6

                                                  LEE LAW, PLLC
                                                  1971 West Lumsden Road, Suite 303
                                                  Brandon, Florida 33511
                                                  Telephone: (813) 343-2813
                                                  Kyle@KyleLeeLaw.com
                                                  Info@KyleLeeLaw.com